# UNITED STATES COURT OF APPEALS
## Tenth Circuit
### Byron White United States Courthouse
### 1823 Stout Street
### Denver, Colorado 80294
### (303) 844-3157

Patrick J. Fisher, Jr.                                   Elisabeth A.Shumaker
Clerk                                                    Chief Deputy Clerk

September 3, 1997


TO:   All recipients of the captioned order and judgment

RE:   95-9005, Litchfield v. Commissioner
      July 9, 1997


Please be advised of the following corrections to the captioned decision:

There are two corrections on page two of the order and judgment. In the fifth sentence of the second paragraph, the word "loan" should be changed to "give," so that the sentence reads: "Petitioner Litchfield agreed to borrow and give to . . . ." In the first sentence of the third paragraph, the word "loaned" should be changed to "gave," so that the sentence reads: "In May 1983, Litchfield borrowed $100,000 from a bank and gave it . . . ."

Please make the corrections.

Very truly yours,

Patrick Fisher, Clerk



Susie Tidwell
Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 9 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

C. WAYNE LITCHFIELD and
JUDY S. LITCHFIELD,

      Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent-Appellee.

No. 95-9005
Appeal from U.S. Tax Court
(T.C. No. 11136-92)

ORDER AND JUDGMENT*

Before BRORBY, BARRETT, and MURPHY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. <u>See</u> Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is

therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

C. Wayne and Judy S. Litchfield petition for review of the Tax Court's determination of a deficiency on their 1985 federal income tax return. We have jurisdiction under 26 U.S.C. § 7482, and affirm.

Simplifying a complicated scenario, the facts are as follows. In early 1983, Xenerex Corporation and its wholly owned subsidiary, Matrix, owed more than $277,000 in fees to the law firm of Ferguson & Litchfield, but were unable to pay. Petitioner Wayne Litchfield was a partner of the law firm at the time. Xenerex/Matrix agreed to pay $100,000 on its attorney fee account from funds held in escrow by the law firm. Petitioner Litchfield agreed to borrow and give to Xenerex/Matrix another $100,000, if Xenerex/Matrix would also pay that $100,000 to the law firm. In return, Xenerex/Matrix agreed to issue stock to Litchfield and give him a "put," i.e., a contract right to require Xenerex/Matrix to repurchase the stock.

In May 1983, Litchfield borrowed $100,000 from a bank and gave it to Xenerex/Matrix. The company did not give Litchfield a promissory note. Instead, it issued to Litchfield 285,714 shares of restricted common stock and gave him a "repurchase agreement" requiring the company to buy the stock back within 120 days or else pay 12 percent interest on the $100,000. Litchfield assigned the repurchase agreement and stock certificates to his bank as collateral for his loan.

The date for Xenerex/Matrix to repurchase the stock was extended a number of times. Although the company paid some interest to Litchfield's bank and made a partial payment to Litchfield on the repurchase agreement, it went bankrupt in September 1985, and Litchfield's remaining stock became worthless. Litchfield filed a trade creditor's claim in the bankruptcy proceeding, and was eventually ordered to be paid six cents on the dollar for his investment.

Petitioners claim the transaction outlined above created a debtor/creditor relationship between Litchfield and Xenerex/Matrix, and the loss was deductible on petitioners' taxes as a bad business debt. The Internal Revenue Service argued, and the Tax Court found, that the transaction represented a nondeductible short-term capital investment and loss. On appeal, petitioners contend the Tax Court erred when it determined that the loan from Litchfield to Xenerex/Matrix was not deductible as a bad business debt.

Whether a bona fide debt existed is a question of fact. The Tax Court's finding on this point is therefore reviewed for clear error. See Estate of Holl v. Commissioner, 54 F.3d 648, 650 (10th Cir. 1995). "[A] factual finding is clearly erroneous when the reviewing court 'on the entire evidence is left with a definite and firm conviction that a mistake has been committed.'" Id. (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

Petitioners argue that the transaction was "a loan with an unorthodox documentation." See Appellants' Br. at 19. We are not persuaded. After reviewing the record, we agree with the Tax Court that petitioner's relationship with Xenerex/Matrix "cannot be characterized as a bona fide debtor-creditor relationship and that neither the stock certificates nor the stock repurchase agreement represent evidence of a bona fide debt." R., Vol. I, Doc. 15 at 25. In support of this conclusion, petitioner's letter of November 16, 1983, to his bank is most telling. In that letter, petitioner stated that the price of the Xenerex/Matrix stock on the original put date would enable Xenerex/Matrix to pay its liability to him, but that he wished to delay the put date because the market price of the stock was expected to rise to $.75 to $1.25 per share. See Ex. 18-R. This is not true creditor language. The Tax Court's finding is not clearly erroneous.

AFFIRMED.

Entered for the Court

James E. Barrett
Senior Circuit Judge